**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
——————————————————————X

**R.S.** individually, and on behalf of his child,
**A.S.**, a minor,

Plaintiffs,

**No 1:21-cv-02257**

-against-

**NEW   YORK   CITY   DEPARTMENT   OF**
**EDUCATION, and MEISHA PORTER**,
in her official capacity as Chancellor of the New York
City Department of Education

Defendants.

——————————————————————X

## PERMANENT INJUNCTION

**Factual Findings and Conclusions of Law**

On April 9, 2020, Parents filed the first of two Due Process complaints (DPC1) under the

Individuals with Disabilities Education Act (IDEA), alleging that Defendant New York City

Department of Education (DOE) had denied a free appropriate public education (FAPE) to A.S.

for the 2019-20 school year. They sought reimbursement for A.S.'s tuition at the Titus School and

for the cost of an independent educational evaluation (IEE).

On September 4, 2020, the DOE appointed Impartial Hearing Officer (IHO) Daniel Ajello,

Esq. to preside over the DPC1 proceedings.

DPC1 addressed the 2019-20 school year.  By the time of IHO Ajello's appointment, the

2020-21 school year was underway.  Thus, on September 24, 2020, Parents filed a second due

process action (DPC2) alleging that the DOE had also denied FAPE to A.S. for the 2020-21 school

year.

On October 19, 2020, IHO Ajello issued his Findings of Fact and Decision (FOFD). *See* Complaint Ex. D.[1] The FOFD held that the DOE had denied FAPE to A.S. for the 2019-20 school year and that the Titus School was an appropriate private placement. *Id*. at 24-25.

The FOFD required the DOE to reimburse Parents $82,215, consisting of $75,715 for A.S.'s 2019-20 tuition at the Titus School and $6,500 for his IEE. *Id*. at 29. It further ordered that the "DOE shall provide Parent with any documents or forms necessary to facilitate reimbursement within ten days of the date of this Order." *Id*.

The DOE did not appeal the FOFD to the New York State Review Officer, making it final and binding.

Meanwhile, as of October 19, 2020, the DOE had not appointed an IHO to preside over the DPC2 action.

The IDEA provides that a child must remain in his current educational placement or "pendent placement" during the course of due process proceedings. 34 C.F.R. § 300.518(a). By finding the Titus School appropriate, the FOFD established it as A.S.'s pendent placement. A school district must pay for a child's private school during due process proceedings where it is the child's pendent placement.

After receiving the FOFD, Parents asked the DOE to pay A.S.'s tuition at the Titus School during the pendency of the DPC2 action, but DOE insisted upon a hearing to determine whether it was in fact A.S.'s pendent placement.

On January 26, 2021, one hundred twenty-four days after Parents filed DPC2, the DOE appointed IHO Rachel Gibbons, Esq, to preside over DPC2.

---

[1] The FOFD (Complaint Ex. D) is also attached to this Order.

Also on January 26, 2021, Robin J. Shin, Consultant Attorney in the DOE's Special Education Unit, notified IHO Gibbons and Parents' counsel that DOE was contesting A.S.'s pendent placement at the Titus School. But Shin conceded that pendency "lies in the 10/19/20 FOFD for DPC 193517 (Titus tuition)" and *was* retroactive to October 19, 2020.

Thus, as of January 26, 2021, DOE conceded its threefold obligation:

(1) to reimburse Parents $82,215 per the FOFD for A.S.'s 2019-20 Titus School tuition and IEE;

(2) to reimburse Parents for tuition payments to Titus School, A.S.'s pendent placement, from October 19, 2020 to the present; and

(3) To assume responsibility for tuition payments to Titus School, A.S.'s pendent placement, until the DPC2 action was complete.

On March 3, 2021, the DOE sent Parent's counsel notice that IHO Gibbons had recused herself from the DPC2 action and that no IHO had been appointed to hear the action. IHO Gibbons' recusal is consistent with the DOE's policy of appointing IHOs solely for purposes of pendency determinations.

As of March 15, 2021, DOE had made no required payments. Plaintiffs then filed their Complaint (ECF 1) seeking, among other things, injunctive relief requiring DOE to meet its uncontested obligations immediately.

On June 1, 2021, during a Telephonic Initial Pretrial Conference, the DOE told this Court that such payments were being processed and would be made promptly.

Also on June 1, 2021, this Court directed the parties to provide a status letter about the DOE's payments by June 15, 2021. The Court told the parties it was inclined to grant an injunction if the DOE had not completed its payments by June 15, 2021.

On June 15, 2021, DOE purported to make a payment in the amount of $82,215, covering the period of January 21, 2020 to June 24, 2020, as well as A.S.'s IEE.  However, as of June 15, 2021, Parents' attorney has not received any payments.

Also, as of June 15, 2021, DOE has not made or promised to make any other required payments.

In sum, nearly eight months since the October 19, 2020 FOFD, and five months since it conceded its three obligations to Parents, the DOE has met none of its obligations.

Since October 19, 2020, Parents have paid more than $101,000 in tuition to the Titus School, none of which has been reimbursed.

Because A.S. is in a 12-month program, Parents must pay the Titus School $12,650 per month for him to continue there until the DOE assumes its legal responsibility to do so.

"[T]he enforcement of the pendency provision is automatic and should occur without regard to such factors as irreparable harm likelihood of success on the merits and balancing of the hardships." *Abrams v. Carranza*, No. 19-CV-4175, 2019 U.S. Dist. LEXIS 95403, at *8 (S.D.N.Y. June 6, 2019).

Even if Parents must meet traditional injunction criteria, however, they do so. In the Second Circuit, to receive a preliminary injunction, plaintiffs must show:

(1) a likelihood of success on the merits,

(2) that they are likely to suffer irreparable injury in the absence of an injunction;

(3) that "the balance of hardships tips in [plaintiffs] favor," and

(4) that "the public interest would not be disserved by the issuance of [the] injunction."

*Abrams v. Carranza*, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 139881, at *2 (S.D.N.Y. Aug. 4, 2020) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)) (internal quotation marks omitted).

Parents have satisfied all four elements for an injunction.

*First*, the DOE does not contest their right to any of the payments requested, and so they are likely to succeed on the merits.

*Second*, Parents monthly payments to Titus School have been and continue to be a significant financial hardship. They have depleted a significant portion of their savings and will have to access a retirement account to continue making tuition payments, likely incurring financial (tax) penalties for doing so. Of greater importance, A.S.'s ongoing placement at Titus School is at increasing risk the longer DOE avoids its uncontested obligations, which would be an irreparable injury to him. The IHO has still not appointed an IHO to preside over the merits of the DPC2 action; Parents will have to make monthly $12,650 payments to the Titus School indefinitely until the DOE meets its responsibility to make those payments.

*Third*, the DOE will suffer no hardship by meeting its uncontested past and ongoing obligations. Thus, the balance of hardships weighs in favor of Parents.

*Fourth*, the public interest is not disserved by enjoining the DOE to meet its uncontested obligations.

Based upon and in connection with the foregoing conduct, pursuant to authority established by the IDEA and New York Education Law, 20 U.S.C. § 1415; 34 C.F.R. § 518(a); N.Y. Educ. Law. 4044[4][a], the DOE is permanently restrained, enjoined:

(1) to reimburse Parents $82,215 for A.S.'s 2019-20 Titus School tuition and his IEE immediately;

(2) to reimburse Parents immediately for the Titus School tuition payments from October 19, 2020 to the present, for the 2020-21 school year; and

(3) To assume immediate responsibility for the Titus School tuition payments until the DPC2 action is complete.


Dated: June 17, 2021
New York, New York

SO ORDERED.

J. PAUL OETKEN
United States District Judge