UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

R.S., *individually, and on behalf of his child, A.S., a minor*,

Plaintiffs,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*,

Defendants.

21-CV-2257 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs brought this case under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401 *et seq.*, and New York law, seeking reimbursement from Defendants for private school tuition. On June 17, 2021, this Court issued an injunction ordering Defendants to make certain reimbursements. (Dkt. No. 22.) Plaintiffs have moved for judgment on the administrative record, seeking resolution of certain issues relating to the reimbursements.

I.  **Discussion**[1]

The parties dispute whether the Court should order the New York City Department of Education ("DOE") to make pendency payments retroactive to June 23, 2020, the date on which the findings of fact and decision ("FOFD") on Plaintiffs' first due process complaint ("DPC1") should have been issued. Independent Hearing Officer ("IHO") Gibbons held that pendency began on October 19, 2020, the date on which the IHO who reviewed DPC1 issued his FOFD. The FOFD ultimately held that Defendants had failed to offer A.S. a fair and accessible public

---

[1] The Court presumes familiarity with the factual and procedural history of this case, as discussed in its prior Factual Findings and Conclusions of Law granting a permanent injunction. (*See* Dkt. No. 22.)

1

education and endorsed R.S.'s placement of A.S. in a private school. Under the IDEA, however, the FOFD should have been issued no later than June 23, 2020 — forty-five days after the conclusion of the thirty-day period Defendants had to resolve Plaintiffs' DPC1 after receiving it. *See* C.F.R. § 300.515(a). Had the FOFD been issued in a timely manner, pendency would have begun on June 23, 2020, obligating Defendants to reimburse R.S. for A.S.'s tuition from that date to October 19, 2020. *See* 34 C.F.R. § 300.518(d) ("If the hearing officer in a due process hearing conducted by the [state educational agency] or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes [of pendency].").[2]

Plaintiffs cite *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.* in support of their position that they should be reimbursed for pendency placement starting on June 23, 2020. *See* 386 F.3d 158 (2d Cir. 2004). A state review officer ("SRO") in *Mackey* issued an untimely IDEA decision in the parents' favor, which allowed the school district "to escape the financial consequences of pendency placement for which the District otherwise would have been responsible." *Id.* at 164–65. The Second Circuit thus considered whether the district court should exercise its equitable authority under the IDEA to compel pendency payments retroactive to the date that the SRO decision should have been issued. *See id.* at 165 ("[T]he IDEA grants 'equitable authority' to the courts in resolving cases." (quoting *Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 12 (1993)). The Second Circuit answered this question in the affirmative. Relying on a case from this district that it deemed appropriate guidance on this issue, the Second

---

[2] The DOE did not appeal the FOFD to the New York State Review Officer, making it final and binding. (*See* Dkt. No. 22 at 2.)

Circuit noted that "it would be unfair to penalize Plaintiffs for the delay, which they neither caused nor agreed to." *Id.* at 166 (quoting *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 86 F. Supp. 2d 354, 367 (S.D.N.Y. 2000)).  The Second Circuit also observed that allowing unjustifiable delays in SRO decisions would create a strong incentive for school districts and the State "to delay administrative decisions as a means of deferring or, worse yet, avoiding financial responsibility." *Id.* (quoting *Murphy*, 86 F. Supp. 2d at 367).

This Court concludes that *Mackey*, and its rationale, are equally — if not more so — applicable here.  Unlike the school district in *Mackey*, which indirectly benefited from a SRO's delay in issuing a decision, the NYC DOE benefited from its own delay here.  The NYC DOE did not appoint an IHO to decide Plaintiffs' DPC1 until September 4, 2020, making it impossible for the IHO to issue a timely decision by June 23, 2020.  A district court, applying *Mackey* in an analogous case, reasoned that school districts "should not be able to escape [the] financial responsibility [of an earlier pendency date], which it would have had to bear had it developed a proper [individualized educational program] in the first instance, simply because the administrative decision was delayed through no fault of [the minor's] parents." *Montgomery Twp. Bd. of Educ. v. S.C.*, No. 06 Civ. 398, 2007 WL 275722, at *17 (D.N.J. Jan. 29, 2007).  That court further noted that the "financial burden of pendent placement . . . [should] not be borne by parents whose position has been vindicated by [the IDEA decision]." *Id.* at *16.  The Court agrees, and it accordingly orders the NYC DOE to make pendency payments to Plaintiffs retroactive to June 23, 2020.

## II.     Conclusion

For the foregoing reasons, Plaintiffs' motion for judgment on the administrative record is GRANTED on Issue I.[3]

The Clerk of Court is directed to close the motion at Docket Number 30.

SO ORDERED.

Dated: March 28, 2022
       New York, New York

                                         J. PAUL OETKEN
                                   United States District Judge

---

[3] Plaintiffs have withdrawn Issues II and III in their memorandum of law from consideration for this motion. (*See* Dkt. No. 38.)