UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

R.S., individually and on behalf of A.S.,

                      Plaintiffs,

              -v-

NEW YORK CITY DEPARTMENT OF
EDUCATION, *et al.*,

                      Defendants.

21-CV-2257 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On behalf of himself and his minor child, A.S., Plaintiff R.S. filed this lawsuit against Defendants New York City Department of Education (the "DOE") and former Chancellor Meisha Porter under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq*. ("IDEA"). Presently before the Court is Plaintiffs' motion pursuant to the fee-shifting provision of the IDEA which seeks $203,713.00 in attorney's fees and costs for work performed by the Law Offices of Irina Roller, PLLC ("LOIR"). (ECF No. 62.) The Court presumes familiarity with the factual and procedural history of this case, as discussed in its prior Factual Findings and Conclusions of Law granting a permanent injunction. (ECF No. 22.)

**I.    Discussion**

The IDEA provides that district courts, in their discretion, may award attorney's fees and costs to a "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i). A party "prevails" when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (internal quotation marks and alterations omitted). The fees may be reduced under 20 U.S.C. § 1415(i)(3)(F), unless the

court concludes that the "local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of this section," 20 U.S.C. § 1415(i)(3)(G).

To determine the attorney's fees to which a party is entitled, a court must calculate each attorney's and paralegal's "presumptively reasonable fee." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11-CV-5243, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014). "When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in *Johnson v. Georgia Highway Express Inc.*" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18-CV-6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019). The factors considered include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F. 3d 222, 228 (2d Cir. 2019) (citing *Johnson*, 2019 WL 4735050).

### A.     Reasonable Fees

Defendants do not dispute that Plaintiffs are the "prevailing party," but they do dispute what constitutes reasonable attorney's fees. As with all summary judgment motions, "all evidence must be viewed in the light most favorable to the non-moving party." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *2 (S.D.N.Y. Sept. 14, 2018) (internal quotation marks omitted).

1.     **Hourly Rates**

Plaintiffs contend that Irina Roller, who is the founder and owner Roller Law, is entitled to $550 per hour; Benjamin Hinerfeld, who is of counsel, is entitled to $500 per hour; Mary Jo Whateley, who is an attorney, is entitled to $500 an hour; Danielle McGee, who is an attorney, is entitled to $450 per hour; Maria Mandilas, who is a paralegal and the firm manager, is entitled to $200 per hour; Gaitree Bhoge, who is a paralegal, is entitled to $200 per hour; and Anna Patricia Castro, who is a legal assistant paralegal, is entitled to $125 per hour.  DOE argues that based on the *Johnson* factors the rates should be reduced as follows: for Roller and Hinerfeld, $375 per hour; for Sherif K. Moussa, McGee, Whateley, and Jill Hornig, $300 per hour; for paralegals Dianna Ho, Mandilas, Nancu Powell, and Bhoge, $120 per hour; and for all other paralegals, $100 per hour.  In addition, DOE argues that the hours billed for both the administrative proceedings and the federal action should be reduced by 20%.

This action involves two due process complaints ("DPCs"), both of which were contested, in addition to a federal action.  The first DPC was assigned case number 193517.  This DPC involved a prehearing conference, two hearings on the merits involving dozens of exhibits and a DOE witness, and post-hearing briefs.  (ECF No. 78 ("Darpino Decl.")) ¶¶ 5-10.)  The second DPC was assigned case number 201930.  This DPC involved two prehearing/pendency conferences, briefs related to the issue of pendency, several hearings involving dozens of exhibits, settlement negotiations, and a closing brief.  (Darpino Decl. ¶¶ 12-24.)

Taking into consideration this information as well as the *Johnson* factors, the Court finds that the reasonable rates for the LOIR attorneys and staff are as follows.

First, the Court considers the senior attorneys, Roller, Hinerman, and Whately. Roller and Hinerfeld are highly experienced attorneys in special education law, and Whately is a

3

highly experienced attorney in disability and civil rights law. (ECF No. 64 ("Roller Decl.") ¶¶ 25-27, 35; ECF No. 65 ("Hinerman Decl.").)

Plaintiffs rely on a declaration made by an attorney who specializes in special education law to argue for the reasonableness of the rates requested for Roller and Hinerfeld. (ECF No. 66 ("Mayerson Decl").) "Following the practice of other judges in this district, this Court declines to rely on these rates as the starting point for the analysis of presumptively reasonable fees, 'because the submitted evidence either does not substantiate such rates were actually paid (versus claimed), or where rates are asserted to have been actually paid, does not provide relevant context for such rates billed.'" *L.L. v. New York City Dep't of Educ.*, No. 20-CV-2515 (JPO), 2022 WL 392912, at *3 (S.D.N.Y. Feb. 9, 2022), *aff'd sub nom. H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (internal quotation marks and citations omitted).

"The prevailing market rate for experienced, special-education attorneys in the New York area circa 2018 is between $350 and $475 per hour." *R.G. v. New York City Dep't of Educ.*, No. 18-CV-6851 (VEC), 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019). Moreover, judges in this District have also recognized that the passage of time may justify somewhat higher rates for the same type of work performed by the same senior attorneys. *See, e.g., M.H. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1923 (LJL), 2021 WL 4804031, at *12 (S.D.N.Y. Oct. 13, 2021) ("The Court may consider the passage of time, [and] the increase in fees that may come with such passage of time.")

Balancing these attorneys' significant experience, previously awarded rates, and the nature of the proceedings in this case, the Court finds that an award of $450 for Roller, Hinerman, and Whateley is reasonable. Courts in this District have recently awarded these three senior attorneys an hourly rate of $425 in an IDEA action. *See I.O., v. N.Y.C. Dep't of Educ.*,

No. 20-CV-5061 (PAC), 2021 WL 2701449, at *1 (S.D.N.Y. June 29, 2021). Though courts in this District have occasionally awarded senior IDEA practitioners higher hourly rates, that has generally involved situations where the impartial hearing was heavily contested and involved complex matters. *See, e.g.*, *Y. G. v. N.Y.C. Dep't of Educ.*, No. 21-CV-641, 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022).

The Court next addresses the rates for the remaining LOIR attorneys and staff.

Danielle McGee had seven years of experience in special education litigation and related fields of litigation. (Roller Decl. ¶ 36.) The Court finds that $350 is a reasonable rate for work performed by McGee.

Plaintiffs do not offer any information regarding the remaining attorneys identified on the invoice: Moussa and Hornig. Plaintiffs have billed an hourly rate of $500 for both Moussa and Hornig. This is the same billing rate that Plaintiffs assigned to Whateley. However, DOE argues that McGee, Whateley, Moussa, and Hornig should all be awarded an hourly rate of $300 for the work they performed. The Court has already determined that while a reasonable rate for Whateley is $450, a reasonable rate for McGee is $350. In the absence of any further information from Plaintiffs regarding Moussa and Hornig's qualifications and experience, the Court determines that they should be awarded an hourly rate of $350 in line with McGee.

Finally, the Court considers the reasonable rate for the paralegals who worked on this action. "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G.*, 2019 WL 4735050, at *3. "Paralegals with evidence of specialized qualifications typically receive $120 or $125 per hour." *C.B. v. New York City Dep't of Educ.*, No. 18-CV-7337 (CM), 2019 WL 3162177, at *9 (S.D.N.Y. July 2, 2019).

Firm Manager Mandilas has more than a dozen years of experience as a litigation paralegal and office manager. (Roller Decl. at ¶ 32.) She has previously been awarded an hourly rate of $150 in this District. *I.O.*, 2021 WL 2701449, at *1. The Court therefore finds it reasonable to award a rate of $150 per hour for work performed by Mandilas. Paralegal Bhoge has over twenty-one years of experience in litigation support. The Court finds it reasonable to award a rate of $125 per hour for work performed by Gaitree Bhoge. (Roller Decl. at ¶ 34.) Plaintiffs do not offer any information about the remaining paralegals named in the invoices, but DOE has requested $120 per hour for Ho and Powell. Thus, the Court awards $120 per hour to Ho and Powell. The Court awards a rate of $100 per hour to all other paralegals.

2.  **Hours Billed**

"Hours that are excessive, redundant, or otherwise unnecessary are to be excluded" from fee awards. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted). "Rather than engage in a painstaking line-item review of each billing entry, in calculating an appropriate reduction of compensable hours '[a] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.'" *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-2417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)). "Courts in this district have applied this strategy numerous times, reducing excessive fees by twenty to fifty percent." N. L-C. v. New York City Dep't of Educ., No. 20 CIV. 8243 (ER), 2022 WL 831820, at *5 (S.D.N.Y. Mar. 18, 2022).

The Court first considers LOIR's billing for the administrative proceedings. DOE argues that LOIR billed excessively for time spent on the administrative proceedings. In particular, DOE argues that LOIR's billing demonstrates a failure to delegate. For the impartial hearing in

case number 193517, LOIR billed 23.4 hours in preparation for the hearing and 2.4 hours for the hearing itself. (ECF No. 77 ("Ngo Decl.") ¶ 10.) For the impartial hearing in case number 201930, LOIR billed approximately 32 hours in preparation for the hearing and 2.3 hours for the hearing itself. (Ngo Decl. ¶ 10.) DOE argues that this ratio of preparation to hearing time is too high and that "a generous one and a half-to-one preparation-to-proceedings ratio—is more than reasonable given the uncontested, non-complex nature of the hearing." *A.D. v. New York City Dep't of Educ.*, No. 18-CV-3347 (VEC), 2019 WL 1292432, at *6 (S.D.N.Y. Mar. 21, 2019). Finally, DOE argues that LOIR's use of 0.1 (6 minutes) billing entries should be reduced, as LOIR is billing 0.1 hours for tasks that take no "more than a few moments." *Canaveral v. Midtown Diner NYC, Inc.*, No. 19-CV-635 (GBD), 2019 WL 4195194, at *9 (S.D.N.Y. Sept. 5, 2019). With regard to the first DPC, Plaintiffs respond that the time billed was necessary given that this was a contested DPC in which DOE disclosed 17 exhibits and 21 potential witnesses. (ECF No. 82-3.) With regard to the second DPC, Plaintiffs respond that LOIR had attempted to avoid or streamline the second DPC, but it was DOE that insisted on a full hearing. (ECF No. 81 at 6-8.) In light of the foregoing, Court agrees with DOE that the hours billed for the administrative proceedings were somewhat excessive but concludes that a more modest reduction of 10% is appropriate.

      The Court next considers LOIR's billing for the federal action. DOE argues that LOIR billed excessively for the time spent drafting the complaint. Hinerfeld and Roller collectively spent 26.3 hours in researching and writing the first draft of the complaint, plus an additional 14.6 hours revising and finalizing the complaint for filing, for a total of 40.9 hours billed in drafting the complaint. (Ngo Decl. ¶ 12.) DOE also argues that LOIR billed excessively for the time spent drafting the memorandum of law (20.6 hours) and reply memorandum (11.4) for their

7

motion for summary judgment on the administrative record. (Ngo Decl. ¶ 13.) Finally, DOE argues that LOIR billed excessively for its motion for attorney's fees, for which LOIR billed 22.3 hours. (Ngo Decl. ¶ 14.) LOIR responds that the time billed was necessary to pursue LOIR's legal strategy seeking injunctive relief. Again, the Court agrees with DOE that the hours billed for the federal action were somewhat excessive but concludes that a more modest reduction of 10% is appropriate.

    B.    **Summary of Award**

Based on the foregoing, the Court awards Plaintiff's counsel a total of $150,968.40, inclusive of all fees and costs. "Pursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks omitted). Accordingly, Plaintiff's counsel is entitled to post-judgment interest according to statute. The revised total award is summarized below:

**2019-20 Due Process invoice #193517**

| Name | Adjusted Rate | Adjusted Hours | Total Adjusted Fees |
|---|---|---|---|
| Dianne Ho | $120 | 4.68 | $561.6 |
| Maria Mandilas | $150 | 6.39 | $958.5 |
| Danielle McGee | $350 | 34.92 | $12,222 |
| Sherif K Moussa | $350 | 23.13 | $8,095.5 |
| Nancy L Powell | $120 | 7.02 | $842.4 |
| Irina Roller | $450 | 37.08 | $16,686 |
| **TOTAL:** | | 113.22 | $39,366 |

**2020-21 Due Process invoice #201930**

| Name | Adjusted Rate | Adjusted Hours | Total Adjusted Fees |
|---|---|---|---|
| Gaitree Bhoge | $125 | 1.44 | $180 |
| Anna Patricia Castro | $100 | 16.29 | $1,629 |
| Belinda C Gates | $100 | 0.81 | $81 |
| Benjamin Hinerfeld | $450 | 7.38 | $3,321 |
| Dianne Ho | $120 | 0.72 | $86.4 |
| Jill Hornig | $350 | 1.89 | $661.5 |
| Maria Mandilas | $150 | 7.29 | $1,093.5 |
| Danielle McGee | $350 | 24.48 | $8,568 |

| Nancy L Powell | $120 | 4.05 | $486 |
| Irina Roller | $450 | 48.96 | $22,032 |
| Mary Jo Whateley | $450 | 15.66 | $7,047 |
| **TOTAL:** | | 128.97 | $45,185.40 |

**Federal Invoice**

| Name | Adjusted Rate | Adjusted Hours | Total Adjusted Fees |
|---|---|---|---|
| Gaitree Bhoge | $125 | 3.15 | $393.75 |
| Anna Patricia Castro | $100 | 3.15 | $315 |
| Benjamin Hinerfeld | $450 | 92.52 | $41,634 |
| Maria Mandilas | $150 | 3.33 | $499.5 |
| Irina Roller | $450 | 33.84 | $15,228 |
| Michelle Zaurov | $100 | 5.31 | $531 |
| **TOTAL:** | | 141.3 | $58,601.25 |

**Federal Invoice dated March 6, 2023**

| Name | Adjusted Rate | Adjusted Hours | Total Adjusted Fees |
|---|---|---|---|
| Gaitree Bhoge | $125 | 0.99 | $123.75 |
| Benjamin Hinerfeld | $450 | 15.3 | $6885 |
| Irina Roller | $450 | 0.9 | $405 |
| **TOTAL:** | | 18.68 | $7413.75 |

**Summary of Award**

| 2019-20 Due Process invoice #193517 | $39,366 |
|---|---|
| 2020-21 Due Process invoice CASE#201930 | $45,185.40 |
| Federal Invoice | $58,601.25 |
| Federal Invoice dated March 6, 2023 | $7413.75 |
| Fees | $402 |
| **TOTAL:** | $150,968.40 |

## II.   Conclusion

For the foregoing reasons, Plaintiffs' motion is GRANTED in part and DENIED in part. Plaintiff is awarded a total of $150,968.40 in attorney's fees and costs. The Clerk of Court is directed to close the motion at Docket Number 62 and to close this case.

      SO ORDERED.

Dated: September 29, 2023
      New York, New York

                                               J. PAUL OETKEN
                                          United States District Judge